IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RIVERA, | : | CIVIL ACTION NO. **1:CV-08-1040** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN JERRY C. MARTINEZ, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 29, 2008, Petitioner, Jaime Rivera, a federal inmate at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania ("LSCI-Allenwood") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner filed a form § 2241 Habeas Petition, as well as a 5-page typed support Memorandum with several attached exhibits (Exs. A-I). (Doc. 2). Many of Petitioner's Exhibits (Exs. B-H) pertain to his Bureau of Prisons ("BOP") Administrative remedy requests and responses thereto. Petitioner also submitted his 1999 BOP Sentence Monitoring Computation Data Sheet and the criminal docket sheet from his June 1992 Judgment and Commitment ("J&C") in the United States District Court for the Eastern District of Pennsylvania. Petitioner paid the required filing fee. (Doc. 4).[1]

---

[1] Petitioner names the correct Respondent, as Warden Martinez has custody of Petitioner. *See* 28 U.S.C. § 2242 and § 2243.  This Court has jurisdiction over this case, since Petitioner is confined in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

Petitioner essentially filed this § 2241 habeas petition claiming that the BOP violated its Program Statement ("PS") 5100.08 and determined his custody classification with a Public Safety Factor ("PSF") Classification of greatest severity by improperly relying on his Presentence Report ("PSR"), which he states arbitrarily indicated that he was the leader or organizer of a conspiracy to distribute cocaine and which attributed him as distributing a drug quantity of 15 to 50 kilograms without the government having plead and proven these factors beyond a reasonable doubt in his criminal case.

We give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

**II. Procedural History.**

Petitioner states, and his exhibits show, that he was convicted on June 1, 1992, following a jury trial, in the United States District Court for the Eastern District of Pennsylvania,[3] of the following offenses: conspiracy to distribute, in violation of 21 U.S.C. § 846, distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860, and possession with intent to distribute cocaine. (Doc. 2, p. 1 and Ex.

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]Petitioner's factual background is largely derived from the exhibits attached to his Memorandum in support of his Habeas Petition. (Doc. 2).

A). On June 1, 1992, Petitioner was sentenced on the stated offenses to 292 months imprisonment, followed by 10 years of supervision, and the J&C was filed on this date. (Doc. 2, p. 1 and Exs. A and I). Petitioner's projected release date with good conduct time is October 11, 2012. (Doc. 2, Ex. A).

### III. Claims of Habeas Petition.

Petitioner is not challenging his 1992 J&C. Rather, he claims that the BOP has violated its own PS by classifying him as a greatest severity offender and by applying to him a PSF of greatest severity "which has constructively enhanced Petitioner's sentence and excluded Petitioner's eligibility for a transfer to a minimum custody facility." (Doc. 2, p. 1).

As stated, Petitioner filed the instant Habeas Corpus Petition on My 29, 2008. (Doc. 1). Petitioner does not challenge his conviction or his Eastern District of Pennsylvania sentence in this habeas petition. As mentioned, Petitioner claims that the BOP staff wrongfully refused to remove from his classification level his greatest severity factor that warranted the imposition of a Public Safety Factor on him. Petitioner claims that this has basically caused his sentence to be enhanced and excluded him from being eligible for a transfer to a minimum custody prison for the remainder of his prison term. Petitioner states that he is challenging the execution of his sentence, and he claims that the imposition of the PSF was based on his PSR which arbitrarily found that he had distributed 15 to 50 kilograms of cocaine and that he was the leader of the drug distribution conspiracy without these facts ever being proven beyond a reasonable doubt by the government and without the jury finding these facts in his criminal case.

Petitioner concludes as follows:

> Because the government failed to plead the drug quantities and the leadership or organizer role, and because the jury failed to make a finding on those two elements of the offense, the BOP cannot rely on the erroneous drug quantities and enhancements alleged in the PSI to impose on petitioner a Public Safety Factor Classification. Such designation rest (sic) on the basis of allegations contained in the petitioner's Presentence Report which consist of hearsay, inferences, ad conclusions that are unsupported as such petitioner has been prejudice (sic) by the Bureau of prisons arbitrary actions.

(Doc. 2, p. 5).

Petitioner states that he has fully exhausted his BOP Administrative remedies with respect to his instant claim that the BOP has erroneously relied upon his PSR to impose a PSF classification on him. (*Id.*, pp. 2-4, Exs. B-H).

In his Habeas Petition, Petitioner seeks this Court to direct the BOP to waive his PSF which was imposed as part of his classification level since it cannot show that he was involved with the amount of drugs as stated in his PSR and that he was a leader of the drug distribution conspiracy. (Doc. 2, pp. 3-4).

Thus, Petitioner did not file the instant Habeas Petition with this Court to challenge his 1992 drug-related convictions and his federal judgment of sentence imposing 292 months imprisonment. Petitioner essentially challenges the BOP's decision to place the PSF on him, which he claims has effectively enhanced his sentence by excluding him from a transfer to a minimum custody facility. Petitioner wants this Court to direct the BOP to remove his greatest severity factor and to remove the PSF from his classification level. Petitioner claims that the BOP improperly imposed the PSF on him by relying upon findings in his PSR which were not proven at his jury trial and that this

amounts to an illegal imposition of an enhanced sentence which precludes his eligibility for a minimum custody facility.

Petitioner claims that he was not found by guilty by the jury of possessing 15 to 50 kilograms of cocaine and that he was not found guilty of being the leader of the drug conspiracy distribution ring. Petitioner claims that "the use of erronous (sic) information by the BOP and application of [PSF] classification has adversely affected [Petitioner's] Custody Classification and Security Level which has excluded Petitioner's eligibility to a transfer to a minimum custody facility." (Doc. 2, p. 2).

In short, we find no merit to Petitioner's claim that the BOP's imposition of the PSF was unconstitutional and that it improperly enhanced his sentence imposed on him for his convicted offenses. We also find no merit to Petitioner's claim that the BOP has enhanced his sentence imposed by the District Court and that the BOP's action was illegal. Petitioner is construed as claiming that his challenged PSF was an improper enhancement of his sentence for his convicted offenses since he was not found by the jury to the stated factors upon which the BOP relied in classifying him as a greatest severity offender and by imposing on him the PSF of greatest severity. Thus, we construe Petitioner as claiming that the BOP is improperly executing his 1992 federal sentence.

We issue the instant Report and Recommendation recommending that Petitioner's Habeas Corpus Petition be summarily dismissed.

**IV. Discussion.**

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. § 2241. Petitioner states that his sentence was improperly enhanced by the BOP's imposition of the PSF on him and that this was based on findings not proven at criminal trial and not found by the jury beyond a reasonable doubt. Petitioner wants this Court to direct the BOP to remove the PSF and to allow him to be eligible for a transfer to a minimum custody prison.

In his present Petition, Petitioner seeks to challenge the execution of his sentence with respect to the BOP's imposition of the PSF as being in excess of the sentence imposed by the District Court for the crimes of which the jury found he committed and for which he was convicted.

This Court has jurisdiction to consider Petitioner's claims pursuant to § 2241. As the Court stated in *Kitano v. Smith*, 2006 WL 42177, *2 (M.D. Pa. 2006):

> "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Id*. A habeas petition filed in the district court where the petitioner is confined provides a remedy to challenge the effect of events subsequent to imposition of his sentence. *Gomori v. Arnold*, 533 F.2d 871, 874-75 (3d Cir. 1976), and Petitioner may properly invoke § 2241 in the instant case to challenge the BOP's calculation of his prisoner classification.

*See also Sake v. Sherman*, 2007 WL 2254529, 4 (W. D. Pa.).

The Court in *Sake* stated:

> Custody Classification is the procedure whereby the BOP assigns inmates to custody levels according to their criminal histories and institutional behavior/adjustment. An inmate's custody level indicates what degree of staff supervision is required. PS 5100.08 instructs that an inmate's custody classification reviews shall occur at least every 12 months. At each annual custody review, a new Custody Classification Form (BP-338) must be completed. Additionally, with respect to Custody

> Classification scoring, PS 5100.08 specifically provides:
>
>> It should be clearly understood that the Custody Classification Form only recommends an inmate's custody. The Unit Team and/or Warden is the final review authority. The intent of the Custody Classification system is to permit staff to use professional judgment within specific guidelines. Custody changes are not dictated solely by the point total. However, when the Unit Team decides not to follow the recommendation of the point total, they must document the reason(s) for this decision in writing on the Custody Classification Form, and inform the inmate.

2007 WL 2254529, * 2.

The *Sake* Court also stated, "[t]he determination of an inmate's Custody Classification score requires the evaluation of several factors. One of the factors is the consideration of an inmate's 'base score.' In calculating a base score, the BOP assigns a numerical value to each of the following categories: (1) type of detainer; (2) severity of current offense; (3) months to release; (4) criminal history score; (5) history of escape or attempts; (6) history of violence; (7) voluntary surrender status; (8) age; (9) education level; and (10) drug/alcohol abuse." *Id*. (citation omitted).

Our Petitioner claims that his greatest severity score determined by the BOP was based on the stated factors in his PSR which were not proven at his trial beyond a reasonable doubt, and that the BOP violated PS 5100.08.  Petitioner's Ex. B contains the BOP's October 10, 2007 Response to Petitioner's August 1, 2007 Administrative Remedy claiming that the BOP incorrectly classified him as a greatest severity offender.  BOP National Appeals Administrator Watts stated as follows:

> Program Statement 5100.08, <u>Security Designation & Custody Classification Manual</u>, requires staff to determine the severity of an inmate's current offense by and that such determination "reflect the most severe documented instant offense behavior."  A drug offender is to be determined to be a greatest severity offender if "The offender was part of an organizational network and he or she organized or maintained ownership interest/profits from

7

>  large-scale drug activity, ***AND*** The drug amount equals or exceeds
>   . . . Cocaine  - greater than or equal to 10,000 gm, 10K, or 22 lb."
>
> Review of the Presentence Report (PSR) reveals you were part of an organizational network and you were a leader/manager of a large-scale drug activity, comprised of multiple (15 - 50) kilograms of cocaine.  This is consistent with the definition of a greatest severity offender.  We find staff's determination that your current offense is of greatest severity is consistent with the requirements of Program Statement 5100.08.  Likewise, any inmate whose offense is of greatest severity must be assigned the greatest severity PSF.

(Doc. 2, Ex. B, p. 3).[4]

Initially, we do not find that the imposition of the PSF on Petitioner by the BOP was unconstitutional, since the factors relied upon by the BOP in determining to place the greatest severity PSF on him related to his convicted charges, and since the factors upon which the BOP relied were based on the PSR which the District Court relied upon when it sentenced him.  (Doc. 2, Ex. B).

The *Sake* Court stated:

> The federal habeas corpus statute provides, in relevant part, that a writ of habeas corpus shall not extend to Petitioner unless he demonstrates that he is in custody in violation of the Constitution or the laws of the United States.  28 U.S.C. § 2241(c)(3).  He has not met this criteria. Petitioner has not demonstrated that his Constitutional rights have been violated.  It is well settled that the BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP, *see* 18 U.S.C. § 4081; 28 C.F.R. § 0.96; *see also Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), to which inmates generally have no due process liberty interests.  *See e.g. Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct.

---

[4] Petitioner's exhibits attached to his Memorandum, Doc. 2, seem to indicate that he has exhausted his BOP Administrative Remedies with respect to his present claim.  Exs. B-H.

>    274, 50 L.Ed.2d 236 (1976) ("Congress has given federal prison
>    officials full discretion to control these conditions of confinement,
>    18 U.S.C. § 4081, and petitioner has no legitimate statutory or
>    constitutional entitlement sufficient to invoke due process.");
>    *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418
>    (1995) (due process does not protect every change in the conditions
>    of confinement having a substantial adverse impact on the prisoner, but
>    rather those changes that impose atypical and significant hardship
>    on the inmate in relation to the ordinary incidents of prison life);
>    *Ali v. Gibson*, 631 F.2d 1126 93d Cir. 1980) (inmates have no liberty
>    interest in being incarcerated at a particular prison) (citing *Meachum v.
>    Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);
>    *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d
>    466 (1976)).

2007 WL 2254529, *5.

As the Court stated in *Marti v. Nash*, 227 Fed. Appx. 148, 149 (3d Cir. 2007)(Per Curiam):

>    Appellant also asserts a violation of his rights under the
>    Sixth Amendment, on the ground that the facts relied upon by
>    the BOP in determining his classification pertain to a charge to
>    which he did not plead guilty, apparently invoking the
>    reasoning in such cases as *Apprendi v. New Jersey*, 530 U.S. 455,
>    120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Blakely v. Washington*,
>    542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and
>    *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d
>    621 (2005). <u>Such an argument is not available when, as where, the
>    challenge is to the execution of a sentence, rather than the
>    imposition of a sentence.</u> (Emphasis added).

Similar to our Petitioner, the Petitioner in *Marti* was also challenging the BOP's determination of his custody classification and the placement of the PSF on him of the greatest severity and the Court's holding in *Marti* was that such a claim is not available when the inmate's challenge is to the execution of his sentence, as our Petitioner asserts in the present case. Also, based on *Marti*, we find that our Petitioner does not state any due process claim with respect to his

claim that the BOP improperly imposed the greatest severity PSF on him, since he had no due process right to any specific custody classification. *See Sake, supra, at * 5. See also Perez v. BOP*, 229 Fed. Appx. 55 (3d Cir. 2007); *Said v. Martinez*, Civil No. 08-191, M.D. Pa.

The Court stated in *Mansfield v. Beeler*, 238 Fed. Appx. 794, 798 (3d Cir. 2007):

> The designation of the type of prison in which an inmate will serve his sentence - - the inmate's custody level - - is generally determined by an inmate's security level; which, in turn, is affected by the presence of "public safety factors."  BOP Program Statement, *Security Designation and Custody Classification Manual,* No. 5100.08 Ch. 5 7-13 (2006).  The public safety factors include "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that require [ ] additional security measures be employed to ensure the safety and protection of the public, is itself." *Id.* at 7.

In *Perez v. BOP*, 229 Fed. Appx. at 56-57, the federal inmate filed a civil rights complaint in which he asserted that:

> the BOP violated his constitutional rights by imposing the PSF and telephonic restriction based on his underlying conviction and Pre-Sentence Report.  Perez also asserted that the telephone restriction constitutes an additional punishment which the BOP has no authority to impose and makes it difficult for him to maintain relationships with his family and friends.

The Third Circuit in *Perez* found no violation of the inmate's Fifth Amendment double jeopardy right and due process rights, his Eighth Amendment rights, and his First Amendment rights with respect to the BOP's imposition of the PSF and the telephone restriction on inmate Perez. The *Perez* Court also found no violation of the inmate's Eighth Amendment right against cruel and unusual punishment. 229 Fed. Appx. at 56-57.

We find that our Petitioner has not shown through his various exhibits that the BOP violated PS 5100.08 or any federal statute with respect to its classification of him as a greatest severity offender and by imposing the PSF of greatest severity on him. As the *Sake* Court stated:

> The next question, then, is whether Petitioner has demonstrated that the BOP violated any federal statute in calculating his Custody Classification score. As noted above, the duty to classify and segregate federal prisoners in penal and correctional institutions, as set forth in 18 U.S.C. § 4081, is within the discretion of the BOP. *See e.g. Wilkerson v. Maggie*, 703 F.2d 909, 911 (5th Cir. 1983) (it is well settled that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status). Petitioner has not demonstrated that the BOP abused that discretion.
>
> With respect to the scoring of the severity level of an inmate's current offense, PS 5100.08 specifically directs that staff "[e]nter the appropriate number of points that reflect the most severe documented instant offense behavior." (Doc. 1h, part 2 at p. 3). PS 5100.08 does not limit BOP review to only a Petitioner's Judgment and Statement of Reasons. <u>In this case, the most severe documented instant offense behavior was contained in Petitioner's PSR</u>. (Emphasis added).

We have stated above what the BOP relied upon in Petitioner's PSR in determining that his drug-related offenses were of greatest severity which allowed it to assign him the greatest severity PSF. (Doc. 2, Ex. B, p. 3). As in the *Sake* case, we do not find that our Petitioner has stated, or has shown through his numerous exhibits, any Constitutional or federal statutory violation with respect to the BOP's reliance upon his PSR and its consideration of information contained therein about the quantity of drugs Petitioner was involved with distributing and about his role as a leader of the drug ring.

Thus, we find no Constitutional claim is stated by our Petitioner with respect to the BOP's classification of him as a greatest severity offender and its imposition of the PSF of greatest severity

on him.

The only remaining issue is whether the BOP considered appropriate factors in determining Petitioner's PSF of greatest severity and whether its determination is supported by the record. *See Kitano, supra* at *2. Since Petitioner has included relevant parts of his BOP record with respect to the BOP's determination and imposition of the PSF of greatest severity, we find no need to direct Respondent to respond to this issue. *See Said, supra*. The records submitted by Petitioner show why the PSF of greatest severity was initially placed on Petitioner in 2000. On November 24, 2000, Watts responded to Petitioner's 2000 Administrative Remedy Request regarding his security and custody classification with the imposition of the greatest severity PSF. Watts explained to Petitioner as follows:

> We have reviewed your appeal concerning your classification. This issue is under the authority of the Warden as described in Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>.[5] This policy authorizes the greatest severity offense classification and PSF when the total offense behavior documents an offender committed an offense that falls in the "Greatest Severity" range. You are properly assessed seven points for the severity of your current offense as it involved the possession and distribution of cocaine in an amount greater than 10 kilograms. Additionally, staff determined you were part of an organizational network and you organized or maintained an ownership role in the drug conspiracy. The Bureau's classification procedures hold an inmate responsible for the total offense behavior. Only the Regional Director may waive a PSF, upon request of the Warden. The Warden has not recommended a waiver of the PSF.
>
> We reviewed your new claim that staff are using inaccurate information to classify you. You should first raise this issue with

---

[5]On September 12, 2006, the BOP Security Designation and Custody Classification Manual at PS 5100.07 was amended and set forth at PS 5100.08. *See Sake, supra* at * 4.

> your unit team.  In accordance with Program Statement 5800.11, <u>Inmate central File, Privacy Folder, and Parole Mini-files</u>, staff have an obligation to verify the challenged information in your PSI [PSR].  However, you have the obligation to provide information to support your claim.  Our review of your appeal indicates the application of the "Greatest Severity" offense classification and PSF are appropriate and in accordance with policy.

(Doc. 2, Ex. G).

Petitioner filed another Administrative Remedy Request in 2004 with respect to his effort to have his PSF of greatest severity removed and to be transferred to a minimum security facility. We quote the November 23, 2004 Response to Petitioner's Request he received from former Warden Apker at LSCI-Allenwood.  *See* Doc. 2, Ex. F.  Warden Apker stated as follows:

> I am in receipt of your Request for Administrative Remedy wherein you seek to have your Public Safety Factor (PSF) of Greatest Severity removed and you be submitted for transfer to a minimum security facility.  You base this request on your contention that information contained in your Presentence Investigation (PSI) is inaccurate and false.
>
> Consistent with the guidelines established by the Bureau of Prisons (BOP), existing practice, regarding designation and transfer decisions are made without favoritism given to an inmate, regardless of their social or economic status.  The overall intent of the Bureau of Prisons Security Designation and Custody Classification process is for staff to use professional judgment within specific guidelines.  The system is designed to emphasize staff flexibility in decision-making, yet provide a basis for consistency throughout the BOP while providing a safe and orderly running institution for staff and inmates.  A review of your PSI, indicates you directed a cocaine trafficking organization in the Allentown, Pennsylvania, area, which distributed kilogram quantities of cocaine.  Further, you were the organizer or leader of a criminal conspiracy which directed the activity of seven individuals in the flow of large quantities of cocaine from New York to the Allentown area.
>
> Your Unit Team has requested on two occasions the PSF of Greatest Severity be waived and that you be transferred to a minimum security

>    facility; however, on both occasions the request has been denied and the PSF of Greatest Severity was applied.  Therefore, there is no compelling reason to waive your PSF at this time.  However, your request for waiver of your PSF can be addressed at your next regularly scheduled program review.
>
>    Moreover, the Bureau of Prisons operations Memorandum, 058-93 (5320), Maintenance of Inmate Files, references the Seller vs. Bureau of Prisons case, 959 F.2d 307 (d.c.cir. 1992).  The specific ruling in that case states, "The agency must take responsible steps to maintain the accuracy of the information to ensure fairness to the individual."  The Operations Memorandum further states, in a situation like <u>Sellers</u>, where the inmate challenged the Presentence Report, unit staff should not change the report, but should inform the Probation Officer the report has been challenged.
>
>    If the Probation officer confirms the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure no decisions affecting the inmate are based on the discredited information. Staff should also request an updated presentence report from the Probation Officer.  I suggest, if you wish to challenge the information contained in your PSI, you contact members of your Unit Team who can assist you.

(Doc.  2, Ex. F).

Warden Apker's November 2004 Response to Petitioner's Request for Administrative Remedy also detailed why the BOP placed the PSF of greatest severity on Petitioner.  (*Id*., Ex. F). The BOP reviewed Petitioner's PSR, which indicated that he directed a cocaine trafficking organization which was responsible for distributing kilogram quantities of cocaine and that Petitioner was the leader of the conspiracy to distribute large amounts of cocaine from New York to Allentown, Pennsylvania. (*Id*.).   Petitioner's own Exhibits show that the BOP's determination to impose the PSF of greatest severity on him was made after the BOP considered appropriate factors, and the BOP's decision was supported by the record as provided by Petitioner.  (Doc. 2, Exs. B-H).

As stated, Petitioner's PSR showed that he directed a cocaine trafficking organization in Allentown, Pennsylvania, which was responsible for distributing kilogram quantities of cocaine (15 to 50 kilograms, Doc. 2, p. 4). since the PSR indicated that P petitioner was the leader of the conspiracy to distribute large amounts of cocaine from New York to Allentown, Pennsylvania, the BOP properly imposed the PSF of Greatest Severity on Petitioner under former PS 5100.07 and under the current PS 5100.08. (*Id*.).[6]

As stated, as recent as October 10, 2007, the BOP denied Petitioner's appeal of his Administrative Remedy Request seeking to rescind his PSF of Greatest Severity. (Doc. 2, Ex. B).

Based upon the well-settled case law, and in particular the *Sake* and *Marti* cases, we will recommend that Petitioner's Habeas Corpus Petition be dismissed without directing service of it on Respondent Warden.

---

[6]PS 5100.07 was effective September 3, 1999 - September 12, 2006. *See Elienist v. Sherman*, 253 Fed. Appx. 236 (3d Cir. 2007). Petitioner's Administrative Remedy Request in 2004 challenging the BOP's custody classification of him was pursuant to PS 5100.07, and his 2007 Administrative Remedy Request was reviewed using the amended PS 5100.08. (Doc. 2, Ex. F and Ex. B, p. 3). Thus, any challenge which our Petitioner now raises with respect to his custody classification under the old criteria of PS 5100.07 is moot. *See Elienist v. Sherman*, 253 Fed. Appx. at 237.



**V.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be summarily dismissed under Rule 4.


<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 18, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RIVERA, | : | CIVIL ACTION NO. **1:CV-08-1040** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN JERRY C. MARTINEZ, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **June 18 , 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: June 18,  2008**